Filed 5/29/14  P. v. Sierra CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EMILIANO MADRIGAL SIERRA,<br><br>    Defendant and Appellant. | E057687<br><br>(Super.Ct.No. FVI1200546)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant Emiliano Madrigal Sierra was apprehended in the act of stealing from a residential garage. A jury convicted defendant of residential burglary with an enhancement for a violent felony. (Pen. Code, §§ 459 and 667.5, subd. (c).)[1] His prior convictions were found true by the court after defendant waived a jury trial. (§§ 186.22, subd. (a); 667, subds. (b)-(i); and 1170.12, subds. (a)-(d).) The court sentenced defendant to 22 years in prison. Defendant had rejected an offer of two years.

On appeal, defendant contends there was insufficient evidence to support his burglary conviction and the court erred by not instructing the jury on trespass. Defendant also argues the court erred in denying his *Romero*[2] motion. We agree with the parties that one year of the 22-year sentence should be stricken. Otherwise, we affirm the judgment.

# II

## STATEMENT OF FACTS

On March 2, 2012, defendant entered the open garage door of the victim's attached residential garage. Defendant made a lot of noise, trying to remove a Shop-Vac

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

vacuum cleaner from underneath a workbench and banging it against a parked car. When the victim heard the noise, she checked the garage and confronted defendant, whom she did not recognize. He claimed that he "wanted to borrow a ladder because he saw a bird on [her] roof that had fallen off."[3]

When the victim told defendant to leave, he left the garage and stood in her driveway. She then told him to leave her property and defendant crossed the street and stood in a nearby driveway. The victim called her husband and the police. The victim's husband arrived minutes later, slammed on the brakes of his car in front of defendant and confronted him. Defendant apologized, saying, "'I'm sorry. I won't do that again.'" The husband heard defendant tell police that he was looking for his ball in the garage.

III

SUFFICIENCY OF EVIDENCE

Although defendant admits that he entered a home, within the meaning of section 459, he denies that he formed the required larcenous intent before entering the garage, and therefore his conviction for burglary is not supported by substantial evidence. We disagree.

---

[3] According to the preliminary hearing and the probation report, defendant lived across the street from the victims on Balsam Avenue. Defendant kept pet quail.

3

"'On appeal we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] The standard of review is the same in cases in which the People rely mainly on circumstantial evidence. [Citation.] "Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. '"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment."' [Citations.]" [Citation.]' [Citations.] The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]."' [Citation.]" (*People v. Cravens* (2012) 53 Cal.4th 500, 507-508; *People v. Rodriguez* (1999) 20 Cal.4th 1, 11-12.)

Section 459 defines the crime of burglary as entry into "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit grand or petit larceny or any felony . . . ." Defendant concedes that his entry—and the status of the attached garage as part of the

4

house—fulfill all required material elements of the statute, with the exception of his criminal intent to commit larceny.

When the victim heard noises coming from her garage, she investigated and discovered defendant trying to take the vacuum. Defendant variously claimed to be looking for a ladder, a bird, and ball. These fabricated excuses are not corroborated by any evidence at trial. Based on defendant's attempt to take the vacuum and his implausible excuses, a trier of fact could reasonably conclude that defendant entered the garage intending to steal and that defendant possessed the required criminal intent for a burglary.

Appellate courts must accept the logical inferences the jury might have drawn to support its verdict. (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Accordingly, defendant must show there was not sufficient substantial evidence based on any hypothesis to support the verdict. (*People v. Cravens, supra,* 53 Cal.4th at p. 508.)

Here the victim caught defendant trying to remove a vacuum from her garage. Defendant's alternative—and inconsistent—explanations about balls and birds did not raise a reasonable doubt about whether he had an innocent purpose when he entered the garage without permission. It is entirely reasonable that the jury concluded defendant was trying to steal the vacuum and that he entered the garage intending to steal, even if the vacuum was not his initial target. It is also rank speculation that defendant did not intend to steal because he did not try to take any other tools or items from the garage.

5

Based on the facts and reasonable inferences, the jury could conclude that defendant entered the garage intending to steal and he had the required criminal intent to support a burglary conviction under section 459.

IV

TRESPASS

Defendant next asserts that the trial court erred by failing to instruct the jury on the material elements of trespass—although trespass is not a necessarily included offense of burglary. (*People v. Pendleton* (1979) 25 Cal.3d 371, 382.) We hold there was no error.

In *People v. Birks* (1998) 19 Cal.4th 108, the court held that a trespass instruction is not required when burglary is charged and cannot be given in a burglary case unless the prosecutor consents. (*Id.* at p. 136.) *Birks* expressly requires the trial court to use a "strict elements" test when deciding whether to instruct on necessarily included offenses. (*Id.* at p. 130.) *Birks* also limits the duty to instruct and refuses to extend the duty, or even the permissive ability to instruct, to any other uncharged offenses without prosecutorial consent. (*Id.* at p. 133.) In this case, as defendant recognizes, it was apparently the prosecutor's strategy to argue that a trespass occurred but to concentrate on the more serious crime of burglary. Nevertheless, even without defendant requesting an instruction below, defendant poses an independent duty exists to instruct on an uncharged, non-included offense. Defendant's proposition directly contradicts *Birks* and we summarily reject it.

6

Furthermore, even if the trial court erred, the error was harmless because it is not "reasonably probable" defendant would have received a more favorable result without the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  As defendant states correctly this case hinged on criminal intent, which defendant contends was a close call.  If there truly was no evidence beyond a reasonable doubt of criminal intent, defendant would have been acquitted.  The jury necessarily found that defendant had the required criminal intent because it found him guilty of burglary.

This is not a case involving a reprehensible crime which threatened to have an inflammatory effect upon the jury.  Instead, the evidence showed defendant tried to steal a vacuum from his neighbor's garage without resorting to violence or force.  There was no evidence of jury prejudice or bias against defendant.  In a clear case of burglary, the prosecution had discretion to charge only that offense.  Defendant's criminal intent was proved beyond a reasonable doubt and there is no evidence that failing to instruct on trespass was prejudicial.

V

*ROMERO* MOTION

Defendant next asserts the trial court abused its discretion when it refused to dismiss defendant's prior strike conviction, which would result in a shorter prison sentence of 15 years.  Defendant's burden is to prove the trial court made an irrational or arbitrary decision. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376.)  Additionally,

there is a strong legal presumption that a sentence conforming to the Three Strikes statute is "both rational and proper." (*Id*. at p. 378.) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]. Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case. [Citation.]" (*Ibid.*) Although the trial court has no obligation to articulate its reasoning when declining to strike a serious felony conviction, the trial court is required to take into account the circumstances of the current felony as well as the prior serious felony convictions. (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

The probation report listed 19 criminal offenses between 1995 and 2011, involving theft, drugs, gangs, and weapons. The trial court decided that the People "laid out clearly the difficulties with [defendant] and his ability to follow what ordinary people can do, and that's not break the law. He has accumulated a number of felony offenses, not only in this county, but in Orange County, in Los Angeles County. It seems wherever he goes he commits some kind of theft offense. But the current case being a theft offense is a very serious theft offense."

8

The trial court's decision refusing to dismiss the serious felony conviction was not arbitrary but specifically based on permissible factors. There is no evidence that the trial court based its decision on impermissible factors or that the sentence was patently absurd as a matter of law. Based on this reasoning, the trial court properly declined to exercise its authority to dismiss the strike.

## VI

## THE SENTENCE ENHANCEMENT

The trial court sentenced defendant to two enhancements based on a single conviction under section 186.22, subdivision (a). The first, a five-year enhancement under section 667, subdivision (a), was imposed because he committed a serious felony. The second, a one-year enhancement under section 667.5, subdivision (b), was imposed because of the prison term resulting from his serious felony conviction. As defendant points out and the Attorney General concedes, the trial court erred in imposing both a consecutive five-year enhancement under section 667, subdivision (a)(1), and the one-year enhancement under section 667.5, subdivision (b). (*People v. Perez* (2011) 195 Cal.App.4th 801, 805, citing *People v. Jones* (1993) 5 Cal.4th 1142, 1150-1153.) We agree the one-year sentence enhancement was erroneously imposed and must be reversed.

## VII

## DISPOSITION

The portion of the judgment imposing on defendant a one-year enhancement for a prison term prior under section 667.5, subdivision (b), is stricken. The trial court is directed to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

HOLLENHORST

Acting P. J.

RICHLI

J.