Filed 8/29/14  P. v. Ortiz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL ORTIZ,<br><br>Defendant and Appellant. | C071636<br><br>(Super. Ct. No. 11F07768) |

A jury convicted defendant Gabriel Ortiz of first degree burglary (Pen. Code, § 459)[1] and attempted robbery (§§ 664/211).  The trial court found true the allegations defendant had previously been convicted of a strike offense (§§ 667, subds. (b)-(i), 1170.12) and two serious felonies (§ 667, subd. (a)).  The trial court also found defendant had served three prior prison terms.  (§ 667.5, subd. (b).)  As a result, the trial court sentenced defendant to serve an aggregate term of 26 years and 4 months in prison.

On appeal, defendant contends (1) the trial court erred in admitting evidence defendant committed charged and uncharged crimes on five prior occasions; (2) the prosecutor committed prejudicial misconduct or, in the alternative, defense counsel

---

[1]     Undesignated statutory references are to the Penal Code.

1

rendered ineffective assistance in failing to object during the prosecutor's cross-examination of defendant; and (3) two of the three prior prison term enhancements imposed under section 667.5, subdivision (b), must be stricken since the same priors were also applied for five-year enhancements.

We conclude defendant has not preserved a challenge to the admission of other crimes evidence. Defendant has also forfeited the issue of prosecutorial misconduct for lack of timely objection at trial. We reject defendant's contention his trial attorney provided constitutionally deficient representation by failing to object to the alleged misconduct. As to the enhancements, the Attorney General concedes and we agree two of the three prior prison term enhancements imposed under section 667.5, subdivision (b), must be stricken. Accordingly, we modify defendant's prison sentence to strike two of the one-year enhancements imposed under section 667.5, subdivision (b).

## BACKGROUND

### *In Limine Motion to Admit Four Instances of Other Crimes*

Before trial, the prosecution anticipated defendant would tender a defense based on lack of intent due to voluntary intoxication. To prove defendant's intent to commit burglary and robbery, the prosecutor filed an in limine motion to admit four prior criminal acts under Evidence Code section 1101, subdivision (b). The four other crimes involved the following:

**Robbery in 1990.** In April 1990, defendant and another person entered a liquor store. Defendant selected a 12-pack of beer and attempted to leave without paying. When confronted by the store clerk, defendant punched the clerk in the chest and left. Defendant was convicted of robbery.

**Uncharged burglary in 1995.** On September 14, 1995, Gloria Valencia was living with her ex-husband, Juan Ibarra. At 3:40 a.m., Valencia heard noises from outside the residence. When she looked out, she saw two people who appeared to be trying to steal her vehicle. Ibarra told her to stay inside. Valencia called 911, before

2

going into her son's room to await the police. At 3:45 a.m., Woodland Police Officer Timothy Mattos arrived at the house. When he walked through the house, he found defendant asleep on his stomach on top of an open folding knife in the bedroom closet. The bedroom window had been opened. Defendant misidentified himself. Officer Mattos determined defendant's name after talking to a local parole agent. Defendant answered some but not all questions, claiming he had been drinking and using methamphetamine and could not remember how he ended up in the closet. No charges were filed as to the offense.

**Uncharged burglary in 1995.** In June 1995, defendant broke a locked sliding glass door and entered the residence of Enrique Chavez. Defendant grabbed Chavez around the neck and held a knife to his chest, demanding his car and keys. Defendant forced Chavez into his bedroom and took his keys. Defendant fled in the victim's car. Chavez later stated defendant was a friend of his sister, but the victim did not associate with defendant. Defendant pled guilty to assault with a knife (§ 245, subd. (a)(1)) and joyriding (Veh. Code, § 10851).

**Trespass in 2004**. About 2:00 a.m. on December 28, 2004, Derrick Russell awoke to a loud noise. Defendant had broken into Russell's apartment by kicking in the door. Russell walked up to defendant and noticed he had taken several CDs. After Russell took the CDs back, he heard the sound of a folding knife being opened and a blade locking in place. Defendant said, " '[F]aith,' " then turned and walked out of the apartment. Russell had seen defendant before when defendant had visited Russell's next door neighbor and had asked to borrow a jack. Sacramento County Sheriff's Deputy Dustin Silva arrived to investigate Russell's emergency call and went to the neighbor's apartment where the deputy found defendant hiding behind the bathroom door. A search revealed a pocket knife in defendant's pants pocket. The deputy described defendant as having been drinking but able to cooperate and respond to questions clearly. Defendant

was convicted of trespass after having presented a voluntary intoxication defense. (§ 602.5, subd. (a).)

Before ruling on the prosecutor's in limine motion in this case, the trial court invited defense counsel to respond to the motion:

"THE COURT:  So, what is your position, [defense counsel], on any of the four, or all of the four prior uncharged acts?

"[Defense counsel]:  My position, Judge, is two, three and four, I would object on those three."

Defense counsel did not specify any basis for the objection.  Defense counsel then objected to the prosecutor's introducing evidence of the 1990 offense on the ground of lack of discovery.  However, when the page of discovery was pointed out to him, defense counsel admitted he had it.  He then stated:  "On that issue, Judge, then I would object and submit to all four prior uncharged acts."  Again, defense counsel did not articulate any basis for the objection.

The trial court deemed admissible all four instances of other crimes evidence under Evidence Code section 1101, subdivision (b).

### *Motion to Admit a Fifth Instance of Other Crimes Evidence*

Early during trial, the prosecution moved to admit an additional act of other crimes evidence, a 2005 theft of beer.  The prosecutor sought to show that, in September 2005, defendant and two women entered a Save Mart store.  One of the women created distraction by yelling at the checkout counter.  Meanwhile, defendant and the other woman exited the store, each with an unpaid 30-pack of beer.  One of the store employees followed defendant and the woman to their car.  A struggle ensued as the employee attempted to retrieve the beer.  Defendant flashed a gun, got into the car with his two accomplices, and left.  Defendant and the two women were found in a backyard residence with the unopened packs of beer.  Defendant was convicted of petty theft with a prior.  (§ 666.)

4

The trial court asked whether either side wished to be heard on the motion, to which defense counsel replied only: "Object and submit." The trial court deemed admissible the evidence under Evidence Code section 1101, subdivision (b).

### *Evidence of the Current Offenses*

Regarding the current offenses, the prosecution introduced evidence showing the victim lived with her fiancé and their daughter in a studio apartment at the rear of her fiancé's grandparents' home. About 8:30 p.m. on November 11, 2011, while the victim was visiting the grandparents in their home, a man who was never identified knocked on the door. The victim looked out a window and saw her apartment door was open. She went into the apartment and noticed her purse was missing. She saw a man, later identified as defendant, standing at her neighbor's door. Defendant was holding her fiancé's laptop bag. The victim approached defendant and asked to see the bag, explaining the bag looked familiar. Defendant said she was mistaken. The bag was open and the victim saw her fiancé's laptop computer. The victim demanded the bag but defendant refused. The victim and defendant struggled over the bag. They pushed, kicked, and shoved each other. Defendant refused to release the bag so she dragged him and the bag towards her apartment. The grandparents tried to help. The victim's grandmother hit defendant on the arm with a large tree branch and he released his grip on the bag. The victim took the bag and called 911 from her apartment while the grandparents tried to detain defendant. Defendant broke free and ran towards the light rail station. Items missing from the victim's apartment included two purses, another laptop bag, a computer monitor, clothes, and a clothes hamper.

Police officers arrived at the scene, obtained defendant's description, and went in defendant's direction. Within two blocks, officers found defendant who saw them and took several quick steps and then walked away. The officers approached defendant who smelled strongly of alcohol. One officer described defendant as intoxicated. The victim had also stated defendant smelled like alcohol. The grandmother said he was drunk and

5

stumbled. Defendant's demeanor went from uncooperative to cooperative but he "curs[ed]" at the officers on the scene and either would not answer questions or gave vague answers. The victim identified defendant in an in-field show-up as did the grandfather. The booking officer described defendant as "wide awake and coherent." When they arrived at the jail, defendant became more cooperative and responded appropriately to directives, giving his name and other identifying information. He never lost consciousness, vomited, or urinated on himself. He was medically cleared for custody.

### *Other Crimes Evidence Presented in the Prosecution's Case-in-chief*

At trial, the parties stipulated defendant had been convicted of felony spousal abuse in 1990, robbery in 1990, assault with a deadly weapon, a knife, in 1996, vehicle theft in 1996, and petty theft with a prior in 2006.

The prosecutor also introduced witness testimony regarding the 1995 burglary of Valencia's house and 2004 trespass into Russell's residence.

### *Defense Evidence*

Defendant testified that on November 11, 2011, he started drinking at 4:00 p.m. He claimed he drank a 24-ounce can of "Four Loko" and some whiskey. He was drunk and trying to find a friend by knocking on several doors near the Fruitridge Light Rail station. At a nearby store, defendant asked an unidentified man whether he knew defendant's friend. The unidentified man claimed he did and they walked together sharing some alcohol defendant had purchased at the store. They knocked on doors but could not find defendant's friend. The unidentified man walked away and defendant started knocking on some more doors, explaining, "This is where my memory starts becoming real vague." The unidentified man returned, wanting to get some more alcohol, and had defendant wait while the man went into a garage, turned on the light and came out with a bag. The man had defendant hold the bag while the man returned to the garage. Defendant did not realize the bag was stolen. The man did not return so

defendant went to another house to look for the man. Defendant then claimed the victim approached him claiming the bag belonged to her but he denied it did. He claimed he was drunk and overwhelmed. Only later did he realize he had been "bamboozled." He remembered getting hit with a stick, letting go of the bag, and walking away. He denied shoving, kicking, or touching the victim.

On cross-examination by the prosecutor about the 1990 robbery, defendant admitted he and his brother stole beer from a store. However, he denied punching anyone. Defendant accepted the plea deal because he was "young and stupid." As to the 1995 burglary, defendant admitted entering Valencia's house but denied he planned to steal. Defendant acknowledged that in 2004, he broke into Chavez's residence, held him at knifepoint, and stole his car. Regarding the 2004 trespass, defendant admitted kicking in Russell's door but claimed he did not remember taking CDs and denied pulling a knife. Instead, defendant testified Russell "was talking shit to me through the door because I was arguing with my girlfriend" and defendant "kicked the door in to fight with [Russell], not to steal, because he was telling me to shut the fuck up." As to the 2005 petty theft with a prior, defendant admitted stealing beer from the store but denied having a gun. During the prosecutor's cross-examination, defense counsel did not object that the other crimes evidence should be excluded.

DISCUSSION

I

### *Evidence of Other Crimes*

Defendant argues the trial court erred in admitting evidence of his prior criminal acts because the other crimes did not tend to prove intent for the current offenses. He also argues the prior criminal acts are too dissimilar from the current offenses to be admissible under Evidence Code section 1101, subdivision (b). On the basis of this argument, defendant urges us to conclude the admission of the other crimes evidence

rendered his trial unfair. We conclude defendant has not preserved the arguments for review.

## *Forfeiture*

Defendant's arguments regarding the admission of other crimes evidence are raised for the first time on appeal. Defendant's trial counsel did not articulate any basis for his objections to the in limine motion to admit the other crimes evidence or the midtrial motion to admit a fifth instance of other crimes evidence. Moreover, defendant's trial counsel did not object to the admission of the other crimes evidence either during the prosecutor's case-in-chief or during the prosecutor's cross-examination of defendant. The issue of admissibility is forfeited for failure to articulate *any* basis for the objection to the prosecution's motion or make *any* objection to the admission of the other crimes evidence during the prosecutor's case-in-chief or cross-examination of defendant.

Evidence Code section 353 provides that "[a] verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was *timely made and so stated as to make clear the specific ground of the objection or motion.*" (Italics added.) " 'Specificity is required both to enable the court to make an informed ruling on the motion or objection and to enable the party proffering the evidence to cure the defect in the evidence.' " (*People v. Boyette* (2002) 29 Cal.4th 381, 424.) " ' "[Q]uestions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court *on the ground sought to be urged on appeal.* [Citation.]" ' [Citations.]" (*People v. Williams* (2008) 43 Cal. 4th 584, 620, italics added.)

We note defense counsel did make a general objection to the prosecutor's in limine motion. However, an objection to an in limine ruling admitting evidence is usually insufficient to preserve the objection for appeal if the objection is not repeated

8

when the evidence is offered. (*People v. Morris* (1991) 53 Cal.3d 152, 190 (*Morris*), disapproved on another point in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1.) A motion in limine to exclude evidence will preserve an objection for appeal in the absence of a later failure to object when the evidence is offered when "(1) a specific legal ground for exclusion is advanced and subsequently raised on appeal; (2) the motion is directed to a particular, identifiable body of evidence; and (3) the motion is made at a time before or during trial when the trial judge can determine the evidentiary question in its appropriate context." (*Morris*, at p. 190; see also *People v. Navarette* (2003) 30 Cal.4th 458, 491 (*Navarette*) [in limine motion to exclude evidence preserves claim of error for appellate review only on the same specific legal grounds as a timely objection at trial at a time when the trial judge can determine the evidentiary question in its appropriate context].)

Here, defendant did not specifically object that the evidence was inadmissible to prove intent or that the other crimes were insufficiently similar to pass muster under Evidence Code section 1101, subdivision (b). Defendant also did not object when the other crimes evidence was offered at trial. Application of the ordinary rules of evidence does not generally impermissibly infringe on a defendant's constitutional rights. (*People v. Cudjo* (1993) 6 Cal.4th 585, 610-611.) Defense counsel's general objection failed to apprise the trial court of any constitutional underpinnings for the objection. Consequently, defendant forfeited his challenge to the admissibility of the prior act evidence. (*Morris, supra*, 53 Cal.3d at p. 190; *Navarette, supra,* 30 Cal.4th at p. 491.)[2]

---

[2] Defendant asserts the trial court should have instructed the jury that defendant was acquitted of burglary and convicted of only trespassing in the 2004 incident involving Russell. To the extent defendant intends this to constitute an argument for instructional error, we deem it forfeited for failure to state the argument under a separate heading. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) In any event, any error was cured. On cross-examination, defendant corrected the prosecutor's reference to robbery and admitted being charged with burglary and convicted of trespass. The prosecutor acknowledged her mistake and moved on.

*Ineffective Assistance of Counsel*

We note defendant does not contend he received ineffective assistance of counsel for failure to articulate specific grounds for the objection to admission of other crimes evidence under Evidence Code section 1101, subdivision (b).  However, defendant does contend he received ineffective assistance of counsel based on trial counsel's (1) failure "to object to the prosecutor's questions regarding the force used against the clerk and her final argument about 'punching' the clerk" because "[n]o possible trial strategy could justify competent trial counsel in failing to object to the prosecutor arguing 'facts' of a violent crime to the jury which were never adduced," (2) failure "to request instructions from the court highlighting [defendant]'s actual jury acquittal of the Russell burglary" because trial counsel "could have no strategic purpose in failing to alert [defendant]'s jury that [defendant] told the truth when he testified he was acquitted of that burglary," and (3) failure "to object to the implications of a 'gun' and 'force' " in commission of the 2005 petty theft with a prior that the prosecutor "utterly failed to prove."  We reject these claims of ineffective assistance of counsel.

As the California Supreme Court has explained, "To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  (*Strickland* [*v. Washington* (1984) 466 U.S. 668,] 687–688, 693; [*People v.*] *Ledesma* [(1987) 43 Cal.3d 171,] 216.)  Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms.  (*Strickland*, at pp. 687–688.)  Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  (*Id*. at pp. 693–694.)"  (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93.)

Here, defendant's claims of ineffective assistance of counsel during trial do not establish prejudice from the errors in failing to object to the admission of other crimes at the outset of trial when the court was considering the prosecution's motion in limine and

motion to admit a fifth instance of other crimes evidence. The possibility that defendant's trial counsel should have clarified details about the other crimes evidence admitted at trial does not establish any error or prejudice from admission of the other crimes evidence itself. Yet, defendant's argument is that he was prejudiced by the admission of other crimes evidence. The claimed deficiency of legal representation after the admission of the evidence does not prove defendant's contentions about the admissibility of the other crimes evidence.[3] For lack of prejudice, we reject the claims of ineffective assistance of counsel.

## II

### *Prosecutorial Misconduct*

Defendant contends the prosecutor committed prejudicial misconduct when she cross-examined him "by repeatedly belittling his testimony and character, demanding that he label other witnesses as 'liars,' implying that he made incriminating statements to the police without ever proving that he did so."

Although defendant concedes defense counsel did not object "to any of this pervasive misconduct," he argues we should reach the merits because defense counsel rendered ineffective assistance by failing to object to "this onslaught of misconduct" that prejudiced defendant before the jury. We conclude defendant has forfeited this issue on appeal. And even if not forfeited, defendant has not demonstrated deficient performance by defense counsel.

---

[3]     To the extent defendant intends his ineffective assistance claims to present separate grounds for reversal apart from error in admission of other crimes evidence, the contentions are forfeited for failure to present them under separate headings. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.) Indeed, we would be justified in deeming the assertions regarding ineffective assistance of counsel to be forfeited because they are presented only in footnotes. "We do not have to consider issues discussed only in a footnote." (*Evans v. Centerstone Development Co*. (2005) 134 Cal.App.4th 151, 160.)

Generally, a defendant's failure to object to prosecutorial misconduct forfeits the issue on appeal. (*People v. Ochoa* (1998) 19 Cal.4th 353, 427.) And, as we have noted, a claim of ineffective assistance of counsel requires defendant to demonstrate counsel's act or omission fell below an objective standard of reasonableness under prevailing professional norms. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) On a silent record as to counsel's reasons for his or her conduct, we affirm unless there could be no satisfactory explanation. (*People v. Pope* (1979) 23 Cal.3d 412, 426.) We rarely second-guess defense counsel's choice not to object to questioning at trial. (*Ibid.*) Defendant must also demonstrate that as a result of counsel's deficient performance, defendant suffered prejudice, that is, the reasonable probability of a more favorable result in the absence of counsel's deficient performance. (*Strickland, supra,* 466 U.S. at pp. 688, 691-692 [80 L.Ed.2d 674]; *Ledesma, supra,* 43 Cal.3d at pp. 216-217.)

Defendant's appellate counsel alleges defense counsel's failure to object to the prosecutor's questions during cross-examination constituted ineffective assistance of counsel and was prejudicial. Defendant now attacks certain cross-examination as belittling his character, calling for speculation on what the jury believed or whether a witness against him lied, and asking incriminating questions without presenting the evidence of defendant's statements to the investigating officers. But appellate counsel does not cite to the record where defense counsel was asked to explain his reasons for not objecting to the now-challenged questions of the prosecutor. Yet, on a silent record as to counsel's reasons for his or her conduct, we affirm unless there can be no satisfactory explanation.

During cross-examination of defendant, defense counsel objected many times to questions calling for speculation or argumentative questioning or comments by the prosecutor on defendant's answer. The trial court overruled most objections but sustained some objections and granted two of defense counsel's motions to strike the

prosecutor's comments on defendant's answers. Trial counsel is not required to make every conceivable objection, but is allowed the tactical decision of when to object in order to improve the state of evidence for defendant and when to avoid alienating the jury. (*People v. Freeman* (1994) 8 Cal.4th 450, 484, 509.) Here, defense counsel displayed vigor in objecting during the prosecution's cross-examination. The fact defense counsel objected to other questions during cross-examination supports our conclusion defense counsel had tactical reasons for not objecting to the now-challenged questions. Based on this record, appellate counsel has not demonstrated defense counsel's performance was deficient.

### III

### *Prior Prison Term Enhancements*

Defendant contends, and the Attorney General concedes, two of the three prior prison term enhancements under section 667.5, subdivision (b), must be stricken since the same two priors were applied for two five-year enhancements under section 667, subdivision (a)(1). We agree.

Defendant's convictions for robbery in 1990 and for assault with a deadly weapon (knife) in 1996 were alleged under sections 667, subdivision (a)(1), and under 667.5, subdivision (b). The trial court found the allegations to be true. The court imposed a five-year enhancement on each conviction pursuant to section 667, subdivision (a)(1), as well as a one-year enhancement on each conviction pursuant to section 667.5, subdivision (b), with the terms to run consecutively.

"[W]hen multiple statutory enhancement provisions are available for the same offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*People v. Jones* (1993) 5 Cal.4th 1142, 1150.) Accordingly, the two one-year enhancements imposed under section 667.5, subdivision (b), must be stricken. (*Id.* at p. 1153; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

DISPOSITION

The judgment is modified to strike two of the three one-year enhancements imposed under Penal Code section 667.5, subdivision (b). Defendant's total prison sentence is 24 years and 4 months. The trial court is directed to amend the abstract of judgment to reflect the modification and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

                                                            HOCH        , J.



We concur:



        MURRAY        , Acting P. J.



        DUARTE        , J.

14