Filed 12/10/14  P. v. Goodwin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. GLENNIS HINTON GOODWIN, Defendant and Appellant. | D065291 (Super. Ct. Nos. SCD229917, SCD233633, SCD235209 ) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed as modified.

Patrick E. DuNah and Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Glennis Hinton Goodwin appeals from a judgment following revocation of probation in three cases:  SCD229917, SCD233633, and SCD235209.  Appointed

appellate counsel filed a brief requesting we independently review the record for error. (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) We modify the judgment to correct unauthorized increases in restitution and probation revocation fines. In all other respects, we affirm the judgment.

## BACKGROUND

In case number SCD229917, Goodwin pleaded guilty to possessing cocaine base (Health & Saf. Code, § 11350, subd. (a)) in exchange for entry into a drug treatment program. Goodwin's sentence included a $200 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a $200 probation revocation fine (Pen. Code, § 1202.44).

Approximately seven months later, in case number SCD233633, Goodwin pleaded guilty to possessing cocaine base (Health & Saf. Code, § 11350, subd. (a)) in exchange for dismissal of other charges and enhancements and entry into a drug treatment program. Goodwin's sentence included a $200 restitution fine and a $200 probation revocation fine. The court also revoked, reinstated and continued Goodwin's probation in case number SCD229917 on the same terms and conditions.

Approximately four months later, in case number SCD235209, Goodwin pleaded guilty to selling cocaine base (Health & Saf. Code, § 11352, subd. (a)) in exchange for a four-year stayed state prison sentence, a grant of probation with a term of 365 days in jail, and a waiver of conduct credits. Goodwin's sentence included a $200 restitution fine and a $200 probation revocation fine. The court also revoked and reinstated Goodwin's probation in case numbers SCD229917 and SCD233633 and sentenced him to 365 days in jail to run concurrently with his sentence in case number SCD235209.

2

Approximately 15 months later, Goodwin admitted violating his probation in all three cases.  The court revoked Goodwin's probation, imposed the four-year stayed sentence in case number SCD235209, and imposed concurrent two-year sentences in case numbers SCD229917 and SCD233633.  The court also imposed restitution fines of $960 for case number SCD235209, $480 for case number SCD233633, and $480 for case number SCD229917 and probation revocation fines of $240 for case number SCD235209, $200 for case number SCD233633, and $200 for case number SCD229917.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below.  Counsel presented no argument for reversal, but asked this court to review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, 744, counsel identified two possible, but not reasonably arguable issues:  (1) whether the court abused its discretion by failing to reinstate Goodwin's probation; and (2) whether Goodwin's trial counsel provided him with effective assistance.  Counsel identified a third issue, whether the court erred in increasing the amount of restitution fines imposed in case numbers SCD229917 and SCD233633; however, counsel indicated Goodwin did not want this issue raised on appeal.

We granted Goodwin permission to file a brief on his own behalf, which he did not do.  Concerned the increased restitution fines might be unauthorized, we requested supplemental letter briefs from the parties "addressing whether the trial court correctly

3

imposed restitution, probation revocation, and parole revocation fines in each of the [three] cases and, if not, whether and how this court should correct any error."

In their respective briefs, Goodwin contends and the People concede the court lacked authorization to increase the restitution fines in any of the cases after revoking Goodwin's probation and sentencing him to prison. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805; *People v. Johnson* (2003) 114 Cal.App.4th 284, 307; *People v. Downey* (2000) 82 Cal.App.4th 899, 921; *People v. Chambers* (1998) 65 Cal.App.4th 819, 821-823.) As the probation revocation fines must be in the same amount as the restitution fines, the court also lacked the authorization to increase any of them. (Pen. Code, § 1202.44; *People v. Perez*, *supra*, at p. 805.) We will, therefore, direct the court to modify the abstract of judgment to reduce the restitution and probation revocation fines to authorized amounts.

Our independent review of the record did not result in the identification of any other reasonably arguable issues.[1] Goodwin has been competently represented by counsel in this appeal.

---

[1] To the extent the Safe Neighborhood and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)) applies to any of Goodwin's convictions, Goodwin may petition the trial court for resentencing or a reduction of the charge to a misdemeanor. (Pen. Code, § 1170.18 (a), (f).)

DISPOSITION

The court is directed to modify the abstract of judgment to reflect restitution and probation revocation fines of $200 each in case numbers SCD229917, SCD233633, and SCD235209. The court is further directed to forward a certified copy of the modified abstract of judgment to the appropriate corrections authorities. The judgment is affirmed in all other respects.

MCCONNELL, P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.