[No. D056301. Fourth Dist., Div. One. May 19, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL EUGENE PEREZ, Defendant and Appellant.

[No. D056442. Fourth Dist., Div. One. May 19, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
KEITH MAURICE HILL, Defendant and Appellant.

## COUNSEL

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant Michael Eugene Perez.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant Keith Maurice Hill.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, J.**—In this case, in proving the occurrence of prior convictions the prosecution relied upon certified copies of the appellants' "prison packets." We reject the appellants' contention admission of the packets violated the confrontation clause of the Sixth Amendment. The documents in the prison packets were prepared for nontestimonial purposes and as such were admissible hearsay. Moreover, the certificates by which the prison packet documents were authenticated attested to matters which are outside the protection of the Sixth Amendment.

Like the Attorney General, we agree each of four $600 fines imposed on one appellant under Penal Code[1] sections 1202.4 and 1202.44 must be reduced to $200 and that a one-year prior prison enhancement imposed on the other appellant must be stricken.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted appellants Michael Eugene Perez and Keith Maurice Hill of burglary. The jury also found true allegations the burglary was of an inhabited dwelling and that another person, other than an accomplice, was present in the dwelling during the commission of the crime. (§§ 459, 460, 667.5, subd. (c)(21).)

The trial court found Perez suffered a prior prison term within the meaning of section 667.5, subdivision (b), three prior serious felony convictions within the meaning of section 667, subdivision (a)(1), and three prior "strikes" within the meaning of section 667, subdivisions (b) through (i). The trial court found Hill suffered two prior serious felony convictions within the meaning of 667, subdivision (a)(1), and two prior "strikes" within the meaning of section 667, subdivisions (b) through (i).

In proving the prior prison terms, prior felony convictions and prior strikes, the prosecution offered "prison packets" which contained documents certified as the true and correct copies of documents kept by penal institutions. Both Perez and Hill objected to introduction of the "prison packet" documents on the grounds their admission violated the confrontation clause of the Sixth Amendment.

The trial court struck two of Perez's strikes and sentenced him to a total of 23 years in prison. The trial court struck one of Hill's strikes and sentenced him to 18 years in prison.

Perez and Hill both filed notices of appeal.[2]

## DISCUSSION

### I

In their principal argument on appeal, both appellants argue admission of documents which purport to be certified copies of documents in the custody of penal institutions is impermissible under the Sixth Amendment. They argue

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The appeals were consolidated January 5, 2010.

the certifications of the respective custodians of those documents that the documents are in fact true and correct copies of documents of the respective institutions are testimonial and thus subject to the requirements of the Sixth Amendment. They implicitly contend that the documents could only be admitted if the respective custodians of records were available for cross-examination.

Appellants rely on *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. ___, ___ [174 L.Ed.2d 314, 129 S.Ct. 2527, 2532] (*Melendez-Diaz*), in which the Supreme Court held a certificate executed by a forensic analyst as to the results of a drug analysis was plainly prepared for use at trial and therefore inadmissible under the Sixth Amendment. Appellants argue the certificates of the custodians of records, which attested to the nature and accuracy of the documents in the prison packets, are analogous to the forensic chemist's certification of the nature of the substance he examined. We reject appellants' contention.

█ In *Melendez-Diaz*, "[t]he high court distinguished the forensic analysts' reports, which were testimonial, from a clerk's certificate authenticating an official record for use as evidence. (*Melendez-Diaz, supra*, 557 U.S. at p. ___ [129 S.Ct. at p. 2539].) A clerk, the court explained, 'could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not do what the analysts did [in *Melendez-Diaz*]: *create* a record for the sole purpose of providing evidence against a defendant.' (*Ibid.*, fn. omitted.)" (*People v. Moreno* (2011) 192 Cal.App.4th 692, 711 [121 Cal.Rptr.3d 669].) Here, the respective custodians' declarations authenticating the documents in the prison packets "are precisely the kind of authenticating affidavit approved of in *Melendez-Diaz*." (*Ibid.*; see also *U.S. v. Yeley-Davis* (10th Cir. 2011) 632 F.3d 673, 680 [certificate that cell phone records kept in ordinary course of business not evidence within scope of 6th Amend. confrontation clause].)

The underlying prison and jail records themselves are outside the scope of the Sixth Amendment because they were plainly prepared for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial. (*People v. Moreno, supra*, 192 Cal.App.4th at p. 711; see also *People v. Taulton* (2005) 129 Cal.App.4th 1218, 1225 [29 Cal.Rptr.3d 203].)

## II

In two prior proceedings, Nos. SCD206794 and SCD207107, the court granted Hill probation and in each of those proceedings the trial court imposed section 1202.4 restitution fines of $200 and section 1202.44 probation revocation fines of $200. On November 9, 2009, at the time of

sentencing in the instant burglary case, the trial court revoked Hill's probation in Nos. SCD206794 and SCD20717 and imposed concurrent prison sentences on the underlying offenses. At the time the trial court revoked probation in those cases, it imposed $600 in section 1202.4 restitution fines and $600 in probation revocation fines in each case.

██ Hill argues, and the Attorney General concedes, the trial court erred in increasing the four fines from $200 to $600. (See *People v. Johnson* (2003) 114 Cal.App.4th 284, 307 [7 Cal.Rptr.3d 492]; *People v. Downey* (2000) 82 Cal.App.4th 899, 921 [98 Cal.Rptr.2d 627]; *People v. Chambers* (1998) 65 Cal.App.4th 819, 820–821 [76 Cal.Rptr.2d 732].) As the parties point out, the section 1202.4 fines may only be imposed once at the time of conviction, which was when the probation was initially granted. (*People v. Chambers, supra,* 65 Cal.App.4th at p. 822.) Moreover, by the express terms of the statute, the probation revocation fines imposed under section 1202.44 must be in the same amount as the restitution fines imposed under section 1202.4. Thus, each of the four fines must be reduced to $200. (*People v. Johnson, supra,* 114 Cal.App.4th at p. 307.)

## III

In sentencing Perez, the trial court imposed three consecutive five-year terms for each of his prior serious felony prior convictions under the terms of section 667, subdivision (a)(1) and imposed but stayed a section 667.5, subdivision (b) one-year enhancement for the prior prison term. As Perez points out and the Attorney General concedes, the trial court erred in imposing both a consecutive five-year enhancement under section 667, subdivision (a)(1) for the felony conviction which gave rise to the prior prison term and the one-year enhancement under section 667.5, subdivision (b) for that prior prison term. (*People v. Jones* (1993) 5 Cal.4th 1142, 1150–1153 [22 Cal.Rptr.2d 753, 857 P.2d 1163].) The parties agree the trial court should have stricken rather than stayed the one-year section 667, subdivision (b) enhancement. We agree as well.

## DISPOSITION

The portions of the judgment imposing restitution fines and probation revocation fines on Hill in the amounts of $600 in cases Nos. SCD206794 and SCD207107 are modified (1) to reinstate in each case the $200 restitution fines the court originally imposed under section 1202.4; and (2) to reduce in each case from $600 to $200 the probation revocation fines imposed under section 1202.44. The portion of the judgment imposing on Perez a one-year enhancement for a prison term prior under section 667.5, subdivision (b) is stricken. The trial court is directed to prepare an amended abstract of

judgment in accordance with this disposition and deliver it to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

McConnell, P. J., and O'Rourke, J., concurred.