Filed 11/27/13  P. v. Sosa CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047793 |
| v. | (Super. Ct. No. 12CF1966) |
| DANIEL JIMENEZ SOSA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Daphne Sykes Scott, Judge.  Affirmed as modified.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

Daniel Jimenez Sosa appeals from a judgment after a jury convicted him of attempted robbery with personal use of a deadly weapon for the benefit of a criminal street gang, assault with a deadly weapon for the benefit of a criminal street gang, and active participation in a criminal street gang. The trial court found he suffered a prior strike, a prior serious felony conviction, and a prior prison term, and sentenced him to 15 years in prison. Sosa contends the trial court erred by imposing both a five-year enhancement for a prior serious felony conviction and a one-year enhancement for a prior prison term because both enhancements resulted from the same prior offense. We agree and modify the judgment accordingly. We affirm the judgment as modified.

FACTS

On the night of June 30, 2012, Franklin Garcia rode his bike on a sidewalk alongside Bristol Street in Santa Ana when he noticed Sosa and another man walking towards him. As the men drew closer to Garcia, Sosa abruptly stepped in front of Garcia's bike, forcing him to brake. Sosa held a screwdriver to Garcia's abdomen and demanded money. Garcia jumped off his bike and ran to a nearby 7-Eleven store where he saw a police officer in a parked police car. Garcia told the officer what had happened and pointed out Sosa and his companion, who were still on the sidewalk. The officer pursued and apprehended Sosa as he tried to escape over a fence. Sosa's tattoos and police records identified him as a member of Los Comps, a Santa Ana based street gang.

An information charged Sosa with second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c) (count 1));[1] assault with a deadly weapon (§ 245, subd. (a)(1) (count 2)); street terrorism (§ 186.22, subd. (a) (count 3)); and false representation to a peace officer (§ 148.9, subd. (a) (count 4)). The information alleged Sosa committed counts 1 and 2 for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and as to count 1, Sosa personally used a deadly weapon, a screwdriver (§ 12022, subd. (b)(1)). The information also alleged Sosa suffered a strike prior (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) &

_____

[1] All further statutory references are to the Penal Code.

2

(c)(1)), a serious felony prior (§ 667, subd. (a)(1)), and a prison term prior (§ 667.5, subd. (b)), arising from a 2006 robbery conviction.

On count 1, the jury found Sosa not guilty of second degree robbery, but found him guilty of the lesser included offense of attempted robbery and found true the personal use of a deadly weapon allegation.  The jury also found Sosa guilty of counts 2 and 3, and found true the gang enhancement allegations for the lesser included offense of count 1 and for count 2.  Sosa pleaded guilty to count 4.

At a separate bench trial, the court found true the allegations that Sosa suffered a prior strike and serious felony conviction, and served a prior prison commitment. The court imposed a two-year sentence on count 2 and doubled it due to the prior strike. The court imposed consecutive five-year terms for the gang enhancement under section 186.22, subdivision (b), and the prior serious felony conviction under section 667, subdivision (a)(1), and imposed a consecutive one-year term for the prior prison term under section 667.5, subdivision (b).  As to count 4, a misdemeanor, the court imposed and suspended a six-month sentence.  The court imposed and stayed sentences on counts 1 and 3 pursuant to section 654.  Sosa's prison commitment totaled 15 years.

DISCUSSION

Sosa contends the trial court erred by imposing both a five-year enhancement under section 667, subdivision (a)(1), and a one-year enhancement under section 667.5, subdivision (b), because both enhancements are based on the same prior offense.  The Attorney General agrees.  We agree as well.

Section 667, subdivision (a)(1), states "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction . . . ."  Section 667.5, subdivision (b), states that when sentencing a defendant for a felony "in addition . . . to any other sentence therefore, the court shall impose a one-year term for each prior separate prison term . . . ."  But in *People v. Jones*

(1993) 5 Cal.4th 1142, 1150 (*Jones*), our Supreme Court instructed, "when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (See also *People v. Perez* (2011) 195 Cal.App.4th 801, 805 [trial court should strike rather than stay the lesser enhancement].)

The enhancement limitation imposed by *Jones* applies in this case. Sosa suffered a robbery conviction in 2006 for which he was incarcerated. That 2006 robbery conviction was the basis for both five-year prior serious felony enhancement (§ 667, subd. (a)(1)), and the one-year prior prison term enhancement (§ 667.5, subd. (b)). Because only the greatest enhancement may be imposed, the trial court improperly imposed the lesser one-year enhancement for Sosa's prior prison term.

## DISPOSITION

The judgment is modified to strike the one-year enhancement for the prison prior (§ 667.5, subd. (b)). The judgment is affirmed as modified. The clerk of the superior court is ordered to prepare a corrected abstract of judgment reflecting the above modification and to forward a copy of it to the Department of Corrections and Rehabilitation, Division of Adult Operations.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.


4