Filed 8/5/14  P. v. Grant CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL B. GRANT,<br><br>        Defendant and Appellant. | A140918<br><br>(Humboldt County<br>Super. Ct. No. CR1201366) |

Defendant Michael B. Grant was placed on probation and ordered to pay a $240 restitution fine and a $240 probation-revocation fine.  The trial court later revoked Grant's probation and increased the amount of the probation-revocation fine to $280.  On appeal, Grant argues, and the Attorney General concedes, that the probation-revocation fine should be reduced to $240, as originally imposed.  We agree and order that the fine be reduced.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In March 2012, Grant failed to return a borrowed car, and the car was subsequently reported stolen.  Grant pleaded guilty to one felony count of embezzlement. (Pen. Code, § 503.)[1]  At Grant's sentencing hearing in June 2012, the trial court suspended imposition of sentence and placed Grant on probation.  The court also imposed a $240 restitution fine under section 1202.4, subdivision (b), and a $240 probation-

---

[1] All statutory references are to the Penal Code.

1

revocation fine under section 1202.44, stayed pending successful completion of probation.

Grant admitted he violated the terms of his probation three different times. After the first two admissions, the trial court reinstated probation. After the third admission in December 2013, the court revoked Grant's probation and sentenced him to 16 months in jail under section 1170, subdivision (h)(5)(A). The following exchange then took place regarding the previously imposed probation-revocation fine:

"THE COURT: . . . There would be the assessment of the suspended 1202.44. Is that $280 or—

"THE CLERK: Yes.

"THE COURT: Okay."

The abstract of judgment states that Grant shall pay a probation-revocation fine under section 1202.44 in the amount of $280.

## II.
### DISCUSSION

On appeal, Grant argues that the probation-revocation fine imposed under section 1202.44 should be reduced to $240. The Attorney General concedes that the fine should be reduced, and we agree.

The probation-revocation fine imposed under section 1202.44 must be in the same amount as the restitution fine imposed under section 1202.4. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.) After a court imposes the restitution fine under section 1202.4 at the time of conviction, neither that fine nor the probation-revocation fine under section 1202.44 can be increased later. (*People v. Rios* (2013) 222 Cal.App.4th 542, 576.) Because the restitution fine here was $240, the probation-revocation fine also was $240, and the trial court lacked authority to increase the amount of the probation-revocation fine from $240 to $280. (*People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"].)

### III.
### DISPOSITION

The portion of the judgment imposing a probation-revocation fine in the amount of $280 under section 1202.44 is reduced to $240. The trial court is directed to prepare an amended abstract of judgment and deliver it to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


_____
Humes, P.J.


We concur:


_____
Margulies, J.


_____
Banke, J.