Filed 8/6/14  P. v. Lazalde CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT ANTHONY LAZALDE,<br><br>    Defendant and Appellant. | F067087<br><br>(Super. Ct. No. F11904098)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Denise L. Whitehead, Judge.

Sara H. Ruddy, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Detjen, J. and Peña, J.

Defendant Gilbert Anthony Lazalde contends on appeal that the trial court erroneously relied on the same prior conviction to impose a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b) and a five-year prior serious felony enhancement pursuant to section 667, subdivision (a). He also contends the minute order and abstract of judgment do not accurately reflect the court's oral pronouncement of judgment. The People concede on both points and we agree. Accordingly, we will strike the one-year prior prison term enhancement and order that the minute order and abstract of judgment be corrected.

## PROCEDURAL SUMMARY

A jury found defendant guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] but found the great bodily injury allegation (§ 12022.7, subd. (a)) not true.

In a bifurcated proceeding, the trial court found true three allegations regarding defendant's 1991 and 1997 prior convictions: that they constituted prior strike convictions pursuant to section 667, subdivisions (b) through (i) (the Three Strikes law); that they constituted prior serious felony convictions pursuant to section 667, subdivision (a); and that the time defendant served for them constituted prior prison terms pursuant to section 667.5, subdivision (b).

Defendant raised a *Romero*[2] motion to dismiss the two prior strike convictions. The trial court dismissed the 1991 prior strike conviction, but not the 1997 prior strike conviction. In sentencing defendant, the court imposed the midterm of three years, doubled under the Three Strikes law due to the 1997 prior strike conviction, plus a one-year enhancement for the 1991 prior prison term pursuant to section 667.5, subdivision (b). The court struck the 1997 prior prison term. The court also imposed two

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 (*Romero*).

2.

five-year prior serious felony enhancements pursuant to section 667, subdivision (a), one for each of the 1991 and 1997 convictions. The total term amounted to 17 years.

The minute order and the abstract of judgment state that the two five-year enhancements were imposed pursuant to section "667.5(a)."

**DISCUSSION**

## I. Correction of Sentence

The parties agree, as do we, that the trial court relied on the same 1991 conviction to impose both a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b) and a five-year prior serious felony enhancement pursuant to section 667, subdivision (a). Under these circumstances, the one-year prior prison term enhancement must be stricken. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150 [remanding to trial court with directions to strike]; *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

## II. Correction of Minute Order and Abstract of Judgment

The parties also agree that the minute order and abstract of judgment must be corrected not only to reflect the striking of this enhancement, but also to reflect the sentence as orally pronounced by the trial court. "[A] trial court's oral sentence governs if it is different from what appears in a minute order or an abstract of judgment [citations] .…" (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1221; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts may correct clerical errors at any time and may order correction of abstracts of judgment that do not accurately reflect oral judgments of sentencing courts].) Accordingly, the minute order and abstract of judgment must be corrected to reflect the trial court's oral pronouncement that the five-year prior serious felony enhancements were imposed pursuant to section 667, subdivision (a), not section 667.5, subdivision (a).

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court with directions to strike the one-year prior prison term enhancement pursuant to section 667.5, subdivision (b). The court is also directed to correct the sentencing minute order and the abstract of judgment to reflect this change and also to reflect that the five-year prior serious felony enhancements were imposed pursuant to "PC 667(a)" rather than "PC 667.5(a)." The court is directed to forward certified copies to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.