Filed 9/23/16  P. v. Webb CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 4

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KENNETH MARCHE WEBB,<br><br>        Defendant and Appellant. | A144062<br><br>(Alameda County<br>Super. Ct. No. H54520B) |

A jury convicted defendant Kenneth Marche Webb of one count of second degree robbery, and found that he had personally used a firearm during the commission of the offense.  The trial court sentenced defendant to 45 years to life, consisting of 25 years to life on the robbery count, a ten-year firearm enhancement under Penal Code section 12022.53, subdivision (b)[1], and two five-year enhancements under section 667, subdivision (a)(1) for two previous robbery convictions.  The trial court did not impose or strike two one-year enhancements for prior prison terms associated with defendant's previous robberies under section 667.5, subdivision (b).  Defendant appeals his sentence, arguing that substantial evidence did not support the application of the firearm enhancement and that the trial court erred in failing to strike the two one-year prior prison term enhancements under section 667.5, subdivision (b).  We affirm, but remand with directions for the trial court to strike the one-year enhancements.

---

[1] All further statutory references are to the Penal Code.

1

# I. BACKGROUND

On August 2, 2012, at around 8:30 p.m., defendant Kenneth Webb and co-defendant William Barnes robbed a Shell gas station and convenience store in San Leandro.  Barnes stayed by the door while defendant came behind the counter and stood within two feet of the cashier, 20 year old Josue Rodriguez.  Rodriguez looked down and saw a handgun in defendant's hand, which defendant kept at his side by his right hip.  Defendant ordered Rodriguez to " 'empty the register.' "  Rodriguez opened the register and placed the money inside on the counter.  Barnes came to the counter and put the money into a bag.  The two men then left the store.

A jury convicted defendant of one count of second degree robbery and found that he personally used a firearm within the meaning of section 12022.53, subdivision (b), which defines " 'firearm' " as "a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion."  (§§ 12001; 16520, subd. (a).)  The information alleged that defendant had two previous robbery convictions for which he had served two prison terms, and he admitted those convictions.  Defendant was sentenced to a prison term of 45 years to life, consisting of 25 years to life on the robbery count, two five-year enhancements for the prior robbery convictions, and a ten-year firearm enhancement.

## II.  DISCUSSION

### A.  *Firearm Enhancement*

Penal Code section 12022.53, subdivision (b) provides that "any person who, in the commission of a felony specified in subdivision (a) [including robbery], personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years.  The firearm need not be operable or loaded for this enhancement to apply."  The prosecution is required to prove beyond a reasonable doubt that the object used by defendant is a " 'firearm' " within the meaning of the statute.  (*People v. Hunter* (2011) 202 Cal.App.4th 261, 276.)

Defendant contends that his conviction must be reversed because substantial evidence does not support the jury's finding that he used a firearm in the commission of

the robbery. Defendant notes that the gun was never pointed at Rodriguez, that Rodriguez did not know whether or not it was loaded, and that the gun itself was never recovered. Defendant also invites this court to disagree with the Third District's reasoning in *People v. Monjaras* (2008) 164 Cal.App.4th 1432, which held that when "a defendant commits a robbery by displaying an object that looks like a gun, the object's appearance and the defendant's conduct and words in using it may constitute sufficient circumstantial evidence to support a finding that it was a firearm within the meaning of section 12022.53, subdivision (b)" notwithstanding the "victim's inability to say conclusively that the gun was real and not a toy." (*Id.* at 1437.)

We are not persuaded. Rodriguez testified that when defendant came around the counter and was two feet or less away from him, he "could see in [defendant's] hand he had a weapon, a handgun." Rodriguez also testified that he became fearful for his safety when he saw the gun in defendant's hand, and described how defendant was holding the gun next to his right hip and pointed at the floor. This testimony provides sufficient evidence to permit the jury to conclude that the object in defendant's hand during the robbery was a real firearm. (*People v. Monjaras*, *supra*, 164 Cal.App.4th at p. 1438 & fn. 1 [evidence supported firearm enhancement where defendant displayed handle of pistol during robbery despite victim's inability to say whether gun was real]; *People v. Law* (2011) 195 Cal.App.4th 976, 984 ["When the evidence shows that a criminal perpetrator threateningly displays what looks like a real firearm, a conviction or sentence enhancement depending on firearm use may not be reversed simply because the victim was not an expert on guns or failed to identify the exact make and model of the firearm employed"].)

## B. Prior Prison Term Enhancements

The information alleged that defendant had two prior robbery convictions and had received prison terms for them, although it did not expressly invoke section 667.5, subdivision (b) with respect to defendant. Defendant admitted those convictions. At sentencing, the trial court discussed the one-year prior felony enhancements under Penal Code section 667.5, subdivision (b):

3

And the Court believes it has the discretion to either add or not add the one year under 667.5[, subdivision] (b). I believe it is the one-year prison priors. I think the Court has some discretion in that regard. I am not going to add those two one-year priors.

Although the trial court stated that it was "not going to add" the two one-year enhancements, the trial court did not impose or expressly strike those enhancements, and did not give any reasons for its decision. The parties agree that this was error. The trial court must impose or strike a prior prison term enhancement; failure to do so results in an unauthorized sentence subject to correction on appeal. (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.) We agree with defendant that because the court imposed two five-year enhancements based on the prior robberies under section 667(a), it was prohibited by law from also imposing the one-year enhancements based on the prison terms arising from those same convictions. (*People v. Jones* (1993) 5 Cal.4th 1142, 1152-1153.) Accordingly, we will remand to the trial court with directions to strike the enhancements. (*People v. Jones*, *supra*, 5 Cal.4th at p. 1153; *People v. Perez* (2011) 195 Cal.App.4th 801, 805; *People v. Harris* (1994) 22 Cal.App.4th 1575, 1585.)

## III. DISPOSITION

The case is remanded with directions to strike the prior prison term enhancements and to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the Department of Corrections. In all other respects, the judgment is affirmed.

_____

REARDON, J.


We concur:


_____

RUVOLO, P. J.


_____

STREETER, J.