Filed 1/5/21  P. v. Brown CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JASON COREY BROWN,

    Defendant and Appellant.

E074257

(Super.Ct.No. FWV19001083)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed as modified with directions.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Jason Corey Brown contends that pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.), both of his prior prison term enhancements must be stricken. Defendant further maintains he is entitled to an additional day of custody credit. The People concede both issues. The judgment is affirmed as modified with directions.

## I. PROCEDURAL BACKGROUND[1]

A jury convicted defendant of grand theft (Pen. Code, § 487, subd. (a), count 1) and found true the value of the merchandise was more than $950. The trial court subsequently found true allegations that defendant had suffered two prior prison terms (Pen. Code, former § 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The trial court thereafter sentenced defendant to six years of imprisonment, consisting of the upper term of three years on the count 1 offense, doubled pursuant to the strike prior. The court imposed an additional year on each of the two prior prison terms, but stayed imposition of punishment "because of the change in the law that's coming in January. SB136." The court awarded defendant a total of 496 days of custody credits consisting of 248 actual days and 248 days of conduct credit.

---

[1] The underlying facts of defendant's offense are irrelevant to the issues raised on appeal.

## II.  DISCUSSION

### A.    *Prior Prison Term Enhancements.*

Defendant contends that pursuant to Senate Bill No. 136, both of his prior prison term enhancements must be stricken.  The People concede the issue.  We agree.[2]

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Courts nevertheless had discretion to strike that enhancement pursuant to section 1385, subdivision (a).  [Citation.]  Effective as of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amend[ed] section 667.5, subdivision (b) [(Stats. 2019, ch. 590, § 1)] to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)."  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

"By eliminating section 667.5, subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent in Senate Bill No. 136 . . . to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses.  [Citation.]  Therefore, we

---

[2]  Even prior to the passage of Senate Bill No. 136, a stayed sentence on a prior prison term enhancement was an unauthorized sentence.  (*People v. Langston* (2004) 33 Cal.4th 1237, 1242; see *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)  Thus, irrespective of Senate Bill No. 136, we would be compelled to order the prior prison terms stricken.

conclude, and the parties agree, that under the *Estrada*[3] rule, Senate Bill No. 136's . . . amendment to section 667.5, subdivision (b) applies retroactively to all cases not yet final as of its January 1, 2020, effective date." (*People v. Jennings*, *supra*, 42 Cal.App.5th at p. 682; accord *People v. Herrera* (2020) 52 Cal.App.5th 982, 995-996, review granted Oct. 14, 2020, S264339.)

Here, neither of the criminal convictions leading to defendant's prison sentences, which were alleged as prior prison term enhancements, were based on sexually violent offenses.[4] Moreover, defendant's judgment is not yet final. Thus, we shall modify the judgment to strike both prior prison term enhancements. (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 773 ["[W]here, as here, an enhancement is erroneously imposed and the trial court has already imposed the maximum possible sentence, a remand for resentencing is unnecessary."].)

### B. Custody Credits.

Defendant maintains he is entitled to an additional, actual day of custody credit. The People concede the issue. We agree.

"'A defendant is entitled to actual custody credit for "all days in custody" in county jail . . . including partial days.' [Citation.] 'Calculation of custody credit begins on the day of arrest and continues through the day of sentencing.' [Citation.] "'The law takes no notice of fractions of a day. Any fraction of a day is deemed a day . . . ."'

---

[3] *In re Estrada* (1965) 63 Cal.2d 740.

[4] Both prior prison terms served by defendant derived from his convictions for robbery. (Pen. Code, § 211.)

4

[Citation.] The day the defendant is arrested counts as a custody credit day no matter how many hours or minutes the defendant was in jail on that day." (*People v. Valdes* (2020) 53 Cal.App.5th 953, 955.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647; accord *People v. Chilelli* (2014) 225 Cal.App.4th 581, 591.)

Defendant was arrested on March 31, 2019. The trial court sentenced defendant on December 4, 2019. Defendant remained in custody during the entirety of that period. The court awarded defendant a total of 496 days of custody credits consisting of 248 days of actual and 248 days of conduct credit. However, counting every day defendant spent in custody, including the day of his arrest and the day of his sentencing, amounts to 249 days. Thus, the court should have awarded defendant an additional day of actual custody credit.

III. DISPOSITION

The judgment is modified to strike the two, one-year prior prison term enhancements imposed under former section 667.5, subdivision (b), and defendant is awarded one additional day of actual custody credit. The trial court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and

Rehabilitation.  (*People v. Gastelum*, *supra*, 45 Cal.App.5th at p. 773.)  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:

CODRINGTON_____
J.

MENETREZ_____
J.

6