Filed 9/25/24  P. v. Vasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TONY VASQUEZ,<br><br>    Defendant and Appellant. | F086384<br><br>(Super. Ct. No. BF154379A)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, Christina Simpson, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Petitioner Tony Vasquez petitioned the superior court, pursuant to section 1172.6 of the Penal Code,[1] for resentencing on his convictions for murder (§ 187, subd. (a)), and attempted murder (§§ 187, subd. (a), 664).  The trial court denied the petition at the prima facie stage on the ground the jury's verdict established petitioner was convicted as the direct perpetrator of the offenses.

On appeal, petitioner contends the record does not establish his ineligibility for resentencing as a matter of law.  We reject petitioner's contentions and affirm.

## PROCEDURAL HISTORY[2]

### I.    Conviction, Sentence, and Direct Appeal

"[Petitioner] was charged with one count of first[]degree murder (. . . §§ 187, subd. (a), 189 [count 1]); two counts of attempted murder (§§ 187, subd. (a), 664 [counts 2 & 6]); three counts of shooting at an occupied motor vehicle (§ 246 [counts 3, 5, & 7]); two counts of illegal firearm possession (§ 29800, subd. (a)(1) [counts 4 & 8]); and one count of criminal threats (§ 422 [count 9]).  In connection with count 1, the information alleged the special circumstances of discharging a firearm from a motor vehicle at a person outside said vehicle (§ 190.2, subd. (a)(21)) and carrying out the killing to further the activities of a criminal street gang (*id.*, subd. (a)(22)).  The information further alleged:  (1) as to counts 1 through 3 and 5 through 7, [petitioner] committed the underlying offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)); (2) as to counts 1 through 3 and 5, [petitioner] personally and intentionally discharged a firearm and proximately caused great bodily injury or death (§ 12022.53, subd. (d)); (3) as to counts 2 and 6, [petitioner] personally

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a statement of facts as the facts underlying petitioner's convictions are not relevant to the issues raised on appeal.

2.

and intentionally discharged a firearm (*id.*, subd. (c)); (4) as to counts 2, 4, and 8, [petitioner] personally used a firearm (§ 12022.5, subd. (a)); (5) as to count 2, [petitioner] personally inflicted great bodily injury (§ 12022.7, subd. (a)); and (6) as to all counts, [petitioner] was previously convicted of a 'strike' offense under the Three Strikes law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), was previously convicted of a serious felony (§ 667, subd. (a)), and served six prior prison terms (§ 667.5, [former] subd. (b)).

"The jury convicted [petitioner] on counts 1 through 5 and 9. In connection with these counts, it found true the motor vehicle special circumstance and the firearm and great bodily injury enhancement allegations and found not true the gang special circumstance and gang enhancement allegations. The jury acquitted [petitioner] on counts 6 through 8. In a bifurcated proceeding, the trial court found true [petitioner's] prior strike conviction, his prior serious felony conviction, and three of his prior prison terms.[3]

"[Petitioner] was sentenced to (1) life without the possibility of parole (LWOP), plus 25 years to life for firearm discharge proximately causing death, five years for the prior serious felony conviction, and two years for two prior prison terms,[4] on count 1; (2) a consecutive 14 years to life, plus 25 years to life for firearm discharge proximately causing great bodily injury, five years for the prior serious felony conviction, and two years for two prior prison terms [citation], on count 2[5]; and (3) a consecutive six years, plus five years for the prior serious felony conviction and two years for two prior prison terms [citation], on count 9. The court [imposed and] stayed execution of punishment on

---

**3** "At the prosecution's request, the court dismissed the other prior prison term allegations."

**4** "Because the prior serious felony enhancement and the third prior prison term enhancement were based on the same offense, the court did not impose the latter. (See *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)"

**5** "Pursuant to California Rules of Court, rule 4.447, the court stayed execution of the remaining enhancements on count 2."

counts 3 through 5 pursuant to section 654." (*People v. Vasquez* (Feb. 6, 2018, F071302) [nonpub. opn.], fn. omitted (*Vasquez*).)

On appeal, this court affirmed. (*Vasquez*, *supra*, F071302.)

## II. Section 1172.6 Petition

On December 9, 2022, petitioner filed a petition for resentencing pursuant to section 1172.6.[6] Counsel was appointed to represent him.

The People opposed the petition on the ground the record established petitioner was ineligible for resentencing as a matter of law. Regarding the murder, the People argued the record, including the jury instructions, established petitioner was the actual killer who acted with express or implied malice. Regarding the attempted murder, the People argued the record, including the jury instructions, established petitioner was the actual perpetrator of the attempted murder and acted with express malice. The People asked the court to take judicial notice of this court's opinion in petitioner's direct appeal, as well as the court files, records, jury instructions, and transcripts in the underlying criminal case.

The matter was heard on June 2, 2023. As to the murder, the court determined that the record established petitioner was not convicted under a natural and probable consequences or felony-murder theory, but as the actual killer who acted with the specific intent to kill. The court also determined the record established petitioner was the direct perpetrator of the attempted murder. On that basis, the court determined petitioner failed to state a prima facie case and the petition was dismissed.

---

[6] Petitioner additionally sought resentencing under other statutes, but those requests are not at issue in this appeal.

4.

## DISCUSSION

## I.      Section 1172.6 Procedure

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) "altered the substantive law of murder in two areas." (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)  First, the bill narrowed the scope of the felony-murder rule "so that a 'participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs' can be liable for murder only if '[t]he person was the actual killer'; '[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree'; or '[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life.' " (*People v. Arellano* (2024) 16 Cal.5th 457, 467–468, quoting § 189, subd. (e)(1)–(3).) Second, the bill "eliminate[d] liability for murder as an aider and abettor under the natural and probable consequences doctrine" by requiring that, "except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder." (*Curiel*, at p. 449, quoting § 188, subd. (a)(3).)  Now, " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*Curiel*, at p. 449.)

Additionally, Senate Bill No. 1437 added former section 1170.95, now section 1172.6, to provide a procedure for those convicted of a qualifying offense " 'to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel*, *supra*, 15 Cal.5th at p. 449.)  Subsequently, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the scope of these ameliorative provisions to "clarif[y] that persons who were convicted of attempted murder or manslaughter" are permitted the same relief as those convicted of murder.  (Stats. 2021, ch. 551, § 1; accord, *People v. Arellano*, *supra*, 16 Cal.5th at p. 468, fn. 3.)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *People v. Strong* (2022) 13 Cal.5th 698, 708.) If the sentencing court determines the petitioner has made a prima facie showing, the court must issue an order to show cause and hold a hearing to determine whether to vacate the petitioner's murder, attempted murder, or manslaughter conviction. (§ 1172.6, subds. (c), (d)(1).) However, " '[i]f the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition.' " (*Curiel*, *supra*, 15 Cal.5th at p. 450.)

## II. Nature of the Prima Facie Inquiry

Our Supreme Court has emphasized that "the prima facie inquiry . . . is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) The court may not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Ibid*.) "Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

We review the court's prima facie inquiry de novo. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

**III.     Analysis**

Petitioner contends the court erred in denying his petition at the prima facie stage because the record does not establish his ineligibility for resentencing as a matter of law. We conclude the verdict and jury instructions establish that the jury found petitioner guilty of first degree murder and attempted murder as the actual perpetrator of those offenses who acted with specific intent to kill. Accordingly, the record establishes petitioner was convicted under a theory that remains valid after the effective date of Senate Bill No. 1437. He therefore is ineligible for resentencing as a matter of law and the petition was properly denied.

**A.     Conviction of First Degree Murder**

Petitioner was convicted of the first degree murder of Armando Ortiz. (*Vasquez*, *supra*, F071302.) To find petitioner guilty of murder, the jury was required to find: "1. [Petitioner] committed an act that caused the death of another person; [¶] [AND] [¶] 2. When [petitioner] acted, he had a state of mind called malice aforethought." The jury was instructed on both express and implied malice. However, in order to find petitioner guilty of first degree murder, the jury was required to find either that the murder was willful, deliberate and premeditated, or that the murder was committed by shooting from a motor vehicle. The instructions on premeditated murder required that any jury finding of willfulness, deliberation, and premeditation be based on petitioner's own mental state. The jury instruction on murder by shooting a firearm from a motor vehicle required a jury finding that petitioner intentionally shot a person outside his vehicle and intended to kill that person. The jury also was instructed on the doctrine of transferred intent.[7]

These instructions did not leave open the possibility of convicting petitioner under an imputed malice theory eliminated by Senate Bill No. 1437. To the contrary, the

---

[7] Transferred intent is a theory of express malice that remains valid after the effective date of Senate Bill No. 1437. (*People v. Lopez* (2024) 99 Cal.App.5th 1242, 1249–1251.)

instructions required the jury to find every element of murder under a valid theory, i.e., that petitioner committed the act that caused death, and that he did so with malice aforethought. (See *Curiel*, *supra*, 15 Cal.5th at p. 463 [a petitioner's allegations of resentencing eligibility are not "refuted by the record unless the record conclusively establishes every element of the offense"].) Significantly, petitioner's jury was not instructed on felony murder, natural and probable consequences, or other imputed malice theories eliminated by Senate Bill No. 1437. Additionally, the jury was not instructed on aiding and abetting theories that would have permitted the jury to convict petitioner except as the actual killer.

Nonetheless, petitioner contends the verdict form suggests he may have been convicted under a felony-murder theory eliminated by Senate Bill No. 1437.[8] The verdict included a jury finding pursuant to section 189, which was read as follows:

> "We, the jury, . . . find it to be true as to [petitioner] that the crime was done by one of the following means which is within the meaning of Penal Code Section 189:
>
> "(A) Destructive device or explosive;
>
> "(B) Weapon of mass destruction;
>
> "(C) Armor-penetrating ammunition;
>
> "(D) Poison;
>
> "(E) Lying in wait;
>
> "(F) Torture;
>
> "(G) Willful, deliberate, and premeditated killing;
>
> "(H) Discharge of a firearm from a motor vehicle intentionally at another person outside the vehicle with the intent to inflict death;

---

[8] The verdict forms are not contained in the record on appeal. Petitioner's argument relies on the reporter's transcript that includes reading of the jury's verdict.

"(I) *Perpetration of or attempt to perpetrate arson, rape, carjacking, robbery, burglary, mayhem or kidnapping as alleged in the Information*." (Italics added.)

Petitioner contends that this reflects the jury could have convicted him of murder as an aider and abettor to arson, rape, carjacking, robbery, burglary, mayhem, or kidnapping without finding he had the mens rea necessary to support such conviction under current law. This argument fails. The jury was not instructed that it could find petitioner guilty of first degree murder based on his participation in arson, rape, carjacking, robbery, burglary, mayhem, or kidnapping. Rather, the jury was instructed it could only find defendant guilty of first degree murder based on willfulness, deliberation and premeditation, or as the perpetrator of murder committed by shooting from a motor vehicle. We presume the jury followed the court's instructions. (*People v. Chhoun* (2021) 11 Cal.5th 1, 30.) In any event, as stated, the instructions required the jury to find that petitioner committed the act that caused death. Section 189, as amended by Senate Bill No. 1437, continues to permit felony-murder liability for a death that occurs during arson, rape, carjacking, robbery, burglary, mayhem, or kidnapping if, among other things, the defendant is the actual killer. (§ 189, subd. (e)(1).) Thus, even if the jury somehow convicted petitioner under a theory on which it received no instruction, it could only have done so under an actual killer theory that remains valid following the effective date of Senate Bill No. 1437.

Accordingly, the record establishes petitioner was convicted of murder under a still-valid theory. He is ineligible for resentencing on this conviction as a matter of law.

**B.  Conviction of Attempted Murder**

Petitioner was convicted of the attempted murder of Aaron R.[9] (*Vasquez, supra*, F071302.)

---

[9] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

9.

To find petitioner guilty of attempted murder, the jury was required to find: "1. [Petitioner] took at least one direct but ineffective step toward killing another person; [¶] AND [¶] 2. [Petitioner] intended to kill (that/a) (person/ . . . .)" The jury also was instructed on the kill zone theory of attempted murder as follows: "A person may intend to kill a specific victim or victims and at the same time intend to kill everyone in a particular zone of harm or 'kill zone.' In order to convict the [petitioner] of the attempted murder of Aaron [R.], the People must prove that [petitioner] not only intended to kill Armando Ortiz but also either intended to kill Aaron [R.], or intended to kill everyone within the kill zone. If you have a reasonable doubt whether [petitioner] intended to kill Aaron [R.] or intended to kill Armando Ortiz by killing everyone in the kill zone, then you must find [petitioner] not guilty of the attempted murder of Aaron [R.]."[10] Finally, the jury was instructed on deliberation and premeditation as applicable to attempted murder. As with the murder instruction regarding deliberation and premeditation, the attempted murder instruction required that any jury finding of willfulness, deliberation, and premeditation be based on petitioner's own mental state.

Based on the foregoing, the attempted murder instructions did not leave open the possibility of convicting petitioner under a natural and probable consequences theory of attempted murder.[11] To the contrary, the instructions required the jury to find every element of attempted murder under a valid theory, i.e., that petitioner took at least one

_____

[10] The kill zone theory of attempted murder is a "theory for establishing the specific intent to kill required for conviction of attempted murder." (*People v. Canizales* (2019) 7 Cal.5th 591, 607.) As such, it is a theory of express malice unaffected by Senate Bill No. 1437.

[11] Section 1172.6 permits petitions from persons convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) Therefore, felony murder and other imputed malice theories are not relevant to petitioner's attempted murder conviction. Regardless, the instructions did not leave open the possibility of convicting petitioner of attempted murder under a felony murder or other imputed malice theory.

direct step toward killing another person, and that he did so with intent to kill. (See *Curiel, supra*, 15 Cal.5th at p. 463.) Petitioner's jury was not instructed on the natural and probable consequences doctrine or any aiding and abetting theories that would have permitted the jury to convict petitioner except as the actual perpetrator of the attempted killing who acted with express malice.

Nonetheless, as with his challenge to the murder conviction, petitioner relies on the jury's verdict to argue he may have been convicted of attempted murder under a felony-murder theory eliminated by Senate Bill No. 1437. However, section 1172.6 permits relief only for attempted murder convictions obtained under a natural and probable consequences theory. (§ 1172.6, subd. (a).) Furthermore, the jury was not instructed that it could enter a finding pursuant to section 189, as it related to the attempted murder, based on petitioner's participation in arson, rape, carjacking, robbery, burglary, mayhem, or kidnapping. Rather, the only basis in the instructions for a jury finding pursuant to section 189 was willfulness, deliberation, and premeditation. We again presume the jury followed the court's instructions and found petitioner guilty of attempted murder based on his having taken at least one step toward killing another person, and that he did so with intent to kill, and with willfulness, deliberation, and premeditation.

As such, petitioner is ineligible for resentencing on his conviction for attempted murder.

## **DISPOSITION**

The order denying the petition for resentencing is affirmed.