Filed 5/5/25  P. v. Vasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>TONY VASQUEZ,<br><br>　　Defendant and Appellant. | F086742<br><br>(Super. Ct. No. BF154379A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Defendant Tony Vasquez appeals from a judgment entered following resentencing pursuant to Penal Code[1] section 1172.75.

He contends the abstract of judgment must be corrected to conform to the oral pronouncement of judgment, inasmuch as the abstract (1) does not reflect the court's oral pronouncement to convert all fines and fees to concurrent time, (2) improperly imposes, in a companion probation violation case, fines and fees that were not imposed at the oral pronouncement of judgment, and (3) fails to include updated actual time credits served in the companion probation violation case. The People concede remand is appropriate because the court failed to calculate actual time credits in the companion case. Defendant does not object to this remedy.

We vacate the sentence and remand for further sentencing proceedings consistent with this opinion.

## BACKGROUND[2]

In 2015, a jury convicted defendant of first degree premeditated murder (§ 187, subd. (a); count 1), attempted premeditated murder (§§ 187, subd. (a), 664; count 2), two counts of discharging a firearm at an occupied motor vehicle (§ 246; counts 3 & 5), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 4), and criminal threats (§ 422; count 9).[3] The jury found true a special circumstance allegation to count 1, firearm enhancements to counts 1 through 5, and a great bodily injury enhancement to count 2. In bifurcated proceedings, the court found true a prior strike conviction (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)), a prior serious felony conviction (§ 667, subd.

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts regarding the underlying offenses are not relevant to our disposition, and we therefore dispense with a statement of facts.

[3] The jury acquitted defendant on counts 6 through 8.

(a)), and that defendant had suffered three prior prison terms (§ 667.5, former subd. (b)). (*People v. Vasquez* (Feb. 6, 2018, F071302) [nonpub. opn.] (*Vasquez*).)

"Defendant was sentenced to (1) life without the possibility of parole (LWOP), plus 25 years to life for firearm discharge proximately causing death, five years for the prior serious felony conviction, and two years for two prior prison terms,[4] on count 1; (2) a consecutive 14 years to life, plus 25 years to life for firearm discharge proximately causing great bodily injury, five years for the prior serious felony conviction, and two years for two prior prison terms (see *ante*, fn. [4]), on count 2[5]; and (3) a consecutive six years, plus five years for the prior serious felony conviction and two years for two prior prison terms (see *ante*, fn. [4]), on count 9. The court stayed execution of punishment on counts 3 through 5 pursuant to section 654." (*Vasquez, supra*, F071302.) In addition, the court imposed a $40 court security fee[6] (§ 1465.8) and $30 criminal conviction assessment (Gov. Code, § 70373) on each count, as well as a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45).

At the time of the original sentencing, the court also imposed sentence in a separate case involving defendant's violation of the terms of his probation in Kern County Superior Court case No. BF144586B. In that case, the court imposed a concurrent upper term sentence of three years. The court also orally imposed a $40 court security fee and $30 criminal conviction assessment, other fees and assessments under

---

[4] "Because the prior serious felony enhancement and the third prior prison term enhancement were based on the same offense, the court did not impose the latter. (See *People v. Perez* (2011) 195 Cal.App.4th 801, 805.)"

[5] "Pursuant to California Rules of Court, rule 4.447, the court stayed execution of the remaining enhancements on count 2."

[6] At the time of defendant's conviction, section 1465.8 provided, as it does now, for a court operations assessment, rather than a court security fee. We nonetheless refer to this as a court security fee to reflect the language used by the court and in the abstracts of judgment.

Health and Safety Code sections 11372.5 and 11372.7, a $280 restitution fine, and a $280 parole revocation fine. Defendant was noted to have 383 days of actual credit in that case.

The original abstract of judgment reflects an aggregate court security fee of $240, an aggregate criminal conviction assessment of $180, a $300 restitution fine, and a $300 parole revocation fine. Additionally, the original abstract of judgment reflects 315 days of actual credit for time served in the instant case, and 383 days actual credit for time served in case No. BF144586B.

On appeal, this court affirmed. (*Vasquez*, *supra*, F071302.)

In 2023, defendant filed a form petition for resentencing pursuant to section 1172.75.[7] He asked the court to dismiss the prior serious felony and prior prison term enhancements, and to reduce the sentence on count 9 to a middle term sentence of four years. At the resentencing hearing, he also asked the court to impose reduced firearm enhancements pursuant to section 12022.5, in lieu of the original enhancements imposed pursuant to section 12022.53, subdivision (d).

The court declined to reduce the firearm enhancements but struck the prior serious felony and prior prison term enhancements. Defendant was resentenced to (1) a term of

---

[7] Section 1172.75 does not provide for a petition process to seek resentencing. Rather, the court's jurisdiction to resentence pursuant to section 1172.75 is triggered by certain notice procedures initiated by the Department of Corrections and Rehabilitation. (§ 1172.75, subd. (c).) The record does not reflect that the court received such notice in this case. Nonetheless, defendant asks us to presume the court properly exercised its jurisdiction upon notification by the Department of Corrections and Rehabilitation, and the People do not dispute that the court had jurisdiction to resentence defendant. We need not resolve the question of the trial court's jurisdiction, inasmuch as our disposition would be the same whether or not the jurisdictional requirements of section 1172.75 were met: either we would vacate the newly imposed sentence for lack of jurisdiction under section 1172.75, or we would vacate the newly imposed sentence due to the court's failure to fully resentence defendant in case No. BF144586B. Nonetheless, on remand, the court shall assure itself that it has jurisdiction to proceed with resentencing.

life without the possibility of parole on count 1, plus 25 years to life for the firearm enhancement to that count; (2) a consecutive term of life with the possibility parole with a minimum term of 14 years on count 2, plus an additional term of 25 years to life for the firearm enhancement to that count; and (3) a consecutive middle term sentence of four years on count 9. Sentence on the remaining counts and enhancements was imposed and stayed pursuant to section 654.

Additionally, in its oral pronouncement of judgment, the court granted defendant's request to convert fines and fees to time in custody. For each count, the $40 court security fee and $30 criminal conviction assessment were "converted to one day in custody, to run concurrent." The court also stated, "The fine pursuant to . . . section 1202.4[, subdivision ](b) is converted to three days in custody, to run concurrent." The sentencing minute order states, for the court security fee and criminal conviction assessment to each count, "defendant to serve 1 days in custody in lieu of balance of fine." (Capitalization omitted.) The sentencing minute order states the court imposed a $300 restitution fine but does not state that this fine was converted to concurrent time. Meanwhile, the abstract of judgment reflects the court imposed a $280 court security fee, a $210 criminal conviction assessment, a $300 restitution fine, and a $300 parole revocation fine (§ 1202.45). The abstract includes the notation, "time in lieu of all fines and fees." The court determined defendant had accrued 3,390 days of actual custody credits, which were duly noted on the amended abstract of judgment.

Although not addressed at the resentencing hearing or in the sentencing minute order, the amended abstract of judgment once again included the sentence in the probation violation case, case No. BF144586B. In the amended abstract of judgment, the actual custody credits for case No. BF144586B remained unchanged from the prior award of 383 days.

## DISCUSSION

Defendant initially argued that fines and fees relating to case No. BF144586B should be stricken from the abstract of judgment, and the abstract of judgment corrected to reflect updated custody credits for time served in that case. The People concede defendant did not receive the full resentencing he was entitled to in case No. BF144586B. As such, the People concede remand is appropriate for the court to "calculate the actual time [defendant] has served on both cases and credit that time against his sentence." The People assert we need not address defendant's remaining contentions, inasmuch as he may raise them in the trial court on remand. Defendant now concedes this is an appropriate remedy. We agree.

Upon resentencing pursuant to section 1172.75, defendant was entitled to a full resentencing, to include any other cases on which he originally was sentenced. (§ 1172.75, subds. (a), (c), (d)(1)–(2); *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; see *People v. Buycks* (2018) 5 Cal.5th 857, 893 [under the full resentencing rule, the resentencing court has jurisdiction to modify "*every* aspect of the sentence, and not just the portion subjected to the recall"].) Here, however, the court did not address case No. BF144586B at the resentencing hearing. The court did not orally impose sentence in that case, address fines and fees, or recalculate defendant's custody credits.

Accordingly, we vacate the newly imposed sentence based on the courts failure to fully resentence defendant in case No. BF144586B. We remand for further proceedings consistent with this opinion. Any resentencing that occurs on remand shall address resentencing in case No. BF144586B. Defendant may present his arguments regarding fines and fees and actual time credits in case No. BF144586B to the trial court on remand. Defendant's remaining arguments regarding errors in the amended abstract of judgment and sentencing minute order are mooted by our vacatur of the sentence.

6.

## DISPOSITION

The sentence is vacated and the matter remanded for further proceedings consistent with this opinion.  In all other respects, the judgment is affirmed.