Filed 3/13/25  P. v. Aguirre CA4/2
*See dissenting opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083031 |
| v. | (Super.Ct.No. RIF080926) |
| EDWARD STANLEY AGUIRRE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

1

PROCEDURAL HISTORY

Defendant Edward Stanley Aguirre plead guilty to burglary (Pen. Code, § 459)[1] and admitted four strike priors (§§ 667, subds. (c), (e)(2), 1170.12, subd. (c)(2)), two prior serious felony conviction allegations (§ 667, subd. (a)), and one prior prison term allegation (§ 667.5, subd. (b)). The court sentenced defendant to a determinate 10-year term consecutive to an indeterminate term of 25 years to life. Additionally, the court imposed but stayed a one-year term on the prior prison term allegation.

The trial court denied resentencing for defendant under section 1172.75 because it considered defendant ineligible. The court did however strike the punishment for the prior prison term enhancement under section 667.5, subdivision (b).[2] Defendant appeals the denial order.

DISCUSSION[3]

Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Presumably, the court struck the punishment for the prior prison term enhancement because that same prior conviction had also been used to impose a section 667, subdivision (a) enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1153 [sections 667 and 667.5 enhancements cannot both apply to the same prior offense]; *People v. Perez* (2011) 195 Cal.App.4th 801, 805 [where a sentencing court improperly imposes five-year prior serious felony enhancement and a one-year prison term enhancement for the same conviction, the court should strike the punishment for the prior prison term enhancement].)

[3]     We omit a statement of facts because the facts are not relevant to a discussion of the issue on appeal.

legally invalid." Subdivision (b) of section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) and county correctional administrators to identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b).

Upon receipt of the list, the sentencing court must verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid.*)

At the resentencing hearing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1)-(2).)

The appellate courts are divided on whether these provisions apply to prior prison term enhancements for which the punishment has been stayed or stricken, and the California Supreme Court has granted review in most of these cases. In *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), the sentencing court imposed but stayed the punishment for two prison prior enhancements under section 667.5, subdivision (b). At the section 1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, *supra*, at pp. 41-42, review granted.) On appeal in *Rhodius*, this court interpreted the word "imposed" in subdivision (a) of section 1172.75 to mean a sentence enhancement that was "imposed and executed." (*Rhodius*, at pp. 44-45, 47-48, review granted.) In

3

interpreting section 1172.75, this court in *Rhodius* looked at the statute as a whole and determined the requirement that resentencing under the statute should result in a lesser sentence than the original one meant that the prior prison term must have been imposed and executed. (*Rhodius*, at pp. 43-45, review granted.) We determined the legislative history indicated an intent to end "double" punishment for prior convictions and longer incarceration periods. (*Id.*, at p. 46.) Because the enhancement had been stayed and the sentence could not be lowered in a resentencing hearing, this court held in *Rhodius* that section 1172.75 did not apply to it. (*Rhodius*, at pp. 45, 48-49, review granted.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed. (*Rhodius*, at pp. 48-49, review granted.)

We apply the reasoning of this court in *Rhodius* and affirm the trial court's denial of a resentencing hearing. "'By definition, a sentence enhancement is "an additional term of imprisonment added to the base term."'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.) If the punishment for an enhancement is stricken, it cannot be used to add punishment in that case. (*People v. Fuentes* (2016) 1 Cal.5th 218, 225-226; *People v. Flores* (2021) 63 Cal.App.5th 368, 383.)

Other courts, such as the Fourth Appellate District, Division One in *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted February 21, 2024, S283189, interpreted the word "'imposed'" to include prior prison term enhancements which had been imposed and stayed. *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with

4

the Legislature's intent to reduce sentences when enacting section 1172.75. (*Christianson*, *supra*, at pp. 311-314, review granted; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].)

In the present case, punishment for the prior prison term enhancements was ultimately stricken, not stayed. In *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term "'impose[d]'" as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken. *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase "'[a]ny sentence enhancement'" in section 1172.75 to be applied broadly, whether the punishment was executed, stayed or stricken. (*Espino*, *supra*, at pp. 196-197, review granted.)

We disagree with the holding in *Espino*. Because punishment for the enhancement in this case was stricken, it was not imposed and executed, and the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since punishment for the enhancement was previously stricken, there was nothing more the trial court could do to eliminate punishment for the enhancement and impose a lesser sentence. (§ 1172.75, subd. (d)(1).)

Defendant argues a prior enhancement for which the punishment has been stricken remains on the abstract of judgment which could lead to imposition of punishment on the enhancement in the future.[4] (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118.) *Garner* held that if a sentence is recalled, a trial court may reconsider all sentencing choices, including a sentencing enhancement for which the punishment had previously been stricken. (*Ibid.*) *Christianson* held that because stayed sentence enhancements could potentially increase the sentence if the case were reversed on appeal or if there was a recall of sentence, removal of the stayed enhancement could provide sentencing relief by "eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.) The fact that the enhancement could be used in a potential recall or reversal of sentence does not add to the sentence imposed in *this* case, particularly now that the prison prior enhancement has been deemed invalid. Moreover, section 1172.75 does not address any collateral consequences of a prior prison term enhancement.

---

[4] We note that the section 667.5, subdivision (b) enhancement does not appear on the second amended abstract of judgment filed December 29, 2023.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                    P. J.


I concur:

MILLER _____
                      J.

7

[*People v. Aguirre*, E083031]

FIELDS, J., Dissenting.

I respectfully dissent to the holding in the majority opinion that defendant is not entitled to a full resentencing pursuant to Penal Code section 1172.75. The majority opinion follows this court's opinion in *People v. Rhodius* (2023) 97 Cal. App.5th 38, which held that where a trial court imposes a one-year sentence on a section 667.5, subdivision (b) prison prior, but stays the punishment, a defendant is not entitled to a full resentencing under section 1172.75, subdivision (a).

In my view, the defendant is entitled to a full resentencing pursuant to section 1172.72, subdivisions (a)-(c). The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.)

The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [Recall and resentencing is available when prison prior enhancement is imposed and stayed.]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same] with *People v. Rhodius*, *supra*, 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169

1

[Recall and resentencing is only available when prison prior enhancement is imposed and executed.].)

I generally agree with the *Christianson* decision, which in my view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at pp. 311-315.) Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing.

The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then stayed. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.)

Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word " 'imposed,' " as used in section 1172.75, to be limited to enhancements that were imposed and executed. (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed.

2

[Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that "[t]he sentencing court must then '*verify that the current judgment includes a sentencing enhancement* described in subdivision (a).' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).) The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, at p. 312.)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid*.) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid*.)

I respectfully disagree with one portion of *Christianson*. Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Rather, the court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid*.; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].) I disagree with this conclusion since a prison prior that was imposed before 2020, and was not for a sexually violent

4

offense, is now legally invalid under section 1172.75, subdivision (a); thus, a court has no ability to lift a stay and impose such a prison prior in the future.

In any event, in the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a), (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402 (*Monroe*); see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing" (§ 1172.75, subd. (d)(2)) and shall consider any "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

At the original sentencing in the instant case, the sentencing court sentenced defendant to one-year punishment on the prior prison enhancement but stayed the

punishment. Accordingly, the enhancement was part of the sentence and was included in the abstract of judgment.[1]

The CDCR presumably identified defendant as eligible for relief because the enhancement was included in the abstract of judgment. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["[A]ll that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment . . . ."].)[2]

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to " 'result in a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement,' " combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 42-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have

---

[1] I note that, at the resentencing hearing, the court ordered the punishment on the prison prior enhancement stricken.

[2] Notably, since the filing of *Christianson*, the Sixth Appellate District has published an opinion agreeing with *Christianson* and further concluding that section 1172.75 "applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, I respectfully disagree with it. Rather, I agree with *Christianson*'s conclusion that section 1172.75 applies to cases in which the inmate's abstract of judgment includes a section 667.5, subdivision (b) enhancement "regardless of whether it is imposed or stayed." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 305, 312.)

Under *Rhodius*, the word "imposed" in section 1172.75, subdivision (a), means "imposed and executed." Thus, the "imposed and stayed" prior convictions in that case were not "imposed" within the meaning of section 1172.75, subdivision (a). If that interpretation is correct, then the prison prior convictions in that case would not be legally invalid, and the trial court in *Rhodius* should not have struck them.[3] Yet, the trial court in *Rhodius* did strike them, strongly inferring their invalidity, and the *Rhodius* court affirmed the trial court's action. In my view, section 1172.75 either applies or does not apply. The authority to strike the prior convictions comes only where section 1172.75 applies.

Although the length of sentence does not change when a trial court vacates a now invalid prior conviction that had previously been stayed or where the punishment had been stricken, defendant's consequences of conviction are lessened. If defendant's prison

---

[3] This assumes the judgment was final as of January 1, 2020, as SB 136 on its own is not retroactive to final judgments.

prior were to be vacated and stricken its entirety, the abstract of judgment would no longer show the prison prior conviction if a court assesses the appropriate disposition in any future case or on a violation of parole on the current case.

Finally, a careful review of the statute reveals that the statute contains language favorable to an interpretation consistent with that taken by *Rhodius*, and it also contains language favorable to an interpretation consistent with that taken in *Christianson*. I agree with the court in *Espino*, *supra*, 104 Cal. App. 5th at p. 198, that under the rule of lenity, where the Legislature's intent cannot be determined, courts must prefer the interpretation that is most favorable to defendants.

In sum, I conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody "currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He was therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, which would include the application of "any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)). I would reverse the denial order and remand to the trial court for a full resentencing hearing pursuant to section 1172.75, subdivisions (c) and (d).

FIELDS          

J.

8